Bob LAWSON, Appellant,

v.

KENTUCKY RETIREMENT SYSTEMS; Board of Trustees of Kentucky Retirement Systems; and Kentucky State Treasurer, Appellees.

No. 2007–SC–000540–DG.

Supreme Court of Kentucky.

May 21, 2009.

Rehearing Denied Oct. 1, 2009.

John Hardin Gray, Martha Church Gray, Frankfort, KY, for Appellant.

Jennifer A. Jones, Kentucky Retirement Systems, Frankfort, KY, for Appellees, Kentucky Retirement Systems; and Board of Trustees of Kentucky Retirement Systems.

James Michael Herrick, Assistant Attorney General, Civil and Environmental Law Division, Frankfort, KY, for Appellee, Kentucky State Treasurer.

Opinion of the Court by Justice NOBLE.

Appellant Bob Lawson challenges a denial of his request to change his retirement benefits payment option. The deadline for such a change is controlled by KRS 61.590, which limits changes to the time before "the first retirement allowance payment has been issued by the State Treasurer." Appellant raises three issues on appeal regarding this statute: that employees of the Kentucky Employees Retirement Systems (KERS) misled him about the time-frame within which he could change his selection of a benefits payment option; that KRS 61.590 is void for vagueness; and that if the statute is not void, then its language is so ambiguous that KERS was required by KRS 13A.100 to enact a defining regulation as to the meaning of the phrase "first retirement allowance payment has been issued by the State Treasurer." Finding merit in his first argument, the Court of Appeals is affirmed in part and reversed in part.

## I. Background

Appellant Lawson is a member of KERS who served as a state employee for 26 years before he sought retirement. He met with a KERS benefits counselor on August 2, 2004. After discussing several things, he selected a benefit payment option referred to as "Life with 15 Years Certain," which provides benefits for the member's life, and guarantees benefits to his spouse for up to 15 years from the date of his retirement should he predecease her within the 15 year period. If he lived longer than 15 years, his wife would receive no retirement benefit on his death.

Appellant selected this option on a "Form 6010" which stated, "I realize that after my first retirement allowance payment has been issued by the state treasurer that I *cannot change* to another payment option or change my beneficiary." (Emphasis in original.) At the same time, he was given a "Form 6011" which stated, "you are scheduled to receive your first monthly benefit on or around 09/27/2004 . . . ."

Sometime later, Appellant realized that the payment option he had selected did not mean that his wife would receive benefits for 15 years after his death. On September 16, 2004, he called the KERS office in Frankfort and asked that he be mailed the necessary paperwork to change his payment option. He then called back a short time later to ask to have the paperwork faxed to him. He was told at that time that "the money had already been disbursed" and that the State Treasurer would have to make the correction. The next day another KERS benefits worker called to inform him that he could not change his payment option because the "initial check has been produced" by the State Treasurer, which meant that the "first retirement allowance payment ha[d] been issued" per KRS 61.590. This response was recorded on "Form 2804," which is a record of a problem claim.

Appellant was given no explanation as to the meaning of "payment has been issued," nor did any of the written materials indicate that KERS construed that to mean when the initial check had been produced.

Objecting to his lack of notice that his cutoff for filing a payment option change could occur anytime prior to "on or around 09/27/04" when he was "scheduled to receive" his first monthly benefit, Appellant began the administrative appeal process. The hearing officer and the Board of Trustees ruled against his claim. He filed a "Complaint, Petition for Review and Appeal" in Franklin Circuit Court, which also ruled against him. The Court of Appeals affirmed, finding that the statute was not void for vagueness, that no supplemental regulation was required, and that Appellant had not been misled, all because the statutory language was clear that the deadline was when the first benefits check was produced. This Court granted discretionary review to settle the statutory claims.

## II. Analysis

■ KRS 61.590(3) requires a member to file a written statement of the benefit payment plan of his choice. However, recognizing that a person may have second thoughts about that choice, the legislature limited the time in which a change can be made in order to obtain finality. Specifically, the statute reads, "A member or beneficiary may not select a different plan after the first retirement allowance payment has been issued by the State Treasurer." KRS 61.590(3).

KERS construes the language "payment has been issued" to mean when the State Treasurer has prepared (that is, printed) the check; Appellant understood it to mean when he has received the check. Because there are differing interpretations of the language, Appellant argues that the statute is impermissibly vague, or at least requires a defining regulation.

The language in the statute is not vague, nor does it need additional regulatory definition. KERS is simply wrong in its interpretation.

The term "payment" is defined as "[a] discharge in money or its equivalent of an obligation or debt owing by one person to another, and *is made by debtor's delivery* to creditor of money or some other valuable thing, *and creditor's receipt thereof,* for purposes of extinguishing the debt." *Black's Law Dictionary* 1129 (6th 1990) (emphasis added); *see also id.* ("Payment is a *delivery* of money or its equivalent in either specific property or services by one person from whom it is due to another person to whom it is due." (emphasis added)). More recently, it has been defined as "1. Performance of an obligation *by the delivery* of money or some other valuable thing accepted in partial or full discharge of the obligation. 2. The money or other valuable thing *so delivered* in satisfaction of an obligation." *Black's Law Dictionary* 1165 (8th 2004)(emphasis added). While a benefits check is "money or its equivalent," or "money or some other valuable thing," it must be delivered to the beneficiary to be a "payment."

This understanding is confirmed by the Uniform Commercial Code, which covers negotiable instruments like checks and defines the word "issue." Because KERS and the State Treasurer frequently pay benefits by way of a check, and this was the mode of payment for Appellant's benefits, their transactions are governed in part by the UCC. In order to be "issued" under the UCC, a check must be delivered to the person to be paid: "Issue' means the first delivery of an instrument by the maker or drawer, whether to a holder or nonholder, for the purpose of giving rights on the instrument to any person." KRS 355.3–105(1). "Delivery" of an instrument, such as a check, requires a "transfer of possession . . . ." KRS 355.1–201(2)(*o*). While the State Treasurer is an "issuer," as a maker or drawer of an instrument pursuant to KRS 355.3–105(3), the instrument or check is not "issued" until it is

delivered, that is, it is in the possession of the person to whom it is payable.

Clearly, printing a check at some unknown point in time does not make it issued. The payee is not able to access the money it represents, and obviously has no notice that it has been printed. It is not mere coincidence that the word "issue" is used in both the UCC and the retirement statutes.

Here, Appellant not only correctly understood the meaning of "payment is issued," but also had the right to rely on the date KERS told him he would be paid: "on or around 09/27/2004." He notified KERS of his desire to change his payment option 11 days prior to that date, on September 16, 2004. No reasonable person would have believed he would be paid that many days earlier than the date he had been given, especially since he had no notice of such and was not able to access the money.

Our legislature has provided clear definitions of the terms in controversy in this case, and KERS's failure to apply those clear terms was at the least negligent. Because the statutory language is clear, there is no necessity for a regulation to define the terms beyond what the legislature has already done.

### III. Conclusion

Consequently, Appellant acted within the proper time period when he notified KERS on September 16, 2004 that he wished to change his payment option because his first benefit payment had not been issued by the State Treasurer. He is entitled to change his payment option in accordance with that timely request, and KERS must make the necessary adjustments. KRS 61.590(3) is not void for vagueness, being clear on its face and having its terms clearly defined by the legislature. There is no need for a defining regulation. The Court of Appeals is af-

firmed as to its finding that the statute was neither void for vagueness nor in need of supplemental defining regulation, albeit for different reasons, and reversed on its finding that KERS correctly applied KRS 61.590(3) and did not mislead Appellant. Because KERS incorrectly applied KRS 61.590(3), this case is remanded for further action consistent with this opinion.

CUNNINGHAM, SCHRODER, SCOTT and VENTERS, JJ., concur.

ABRAMSON, J., concurs in result only by separate opinion in which MINTON, C.J., joins.

ABRAMSON, Justice, Concurring in Result Only:

I cannot conclude on these facts that the KERS personnel either misled Mr. Lawson or were negligent in the handling of his retirement process. In my view, this case revolves around the proper construction of KRS 61.590(3) and, more specifically, the word "issued". That term is susceptible to more than one construction. In Kentucky, a state worker's retirement rights constitute an "inviolable contract." KRS 61.692; *Jones v. Board of Trustees*, 910 S.W.2d 710 (Ky.1995). A general principle of contract construction is that any ambiguity should be construed against the drafter, which in this case is obviously the Commonwealth. *Bituminous Cas. Corp. v. Kenway Contr., Inc.*, 240 S.W.3d 633 (Ky.2007) (insurance contract); *Board of Regents of Kentucky State University v. Gale*, 898 S.W.2d 517 (Ky.App.1995) (employment contract with government agency). Mr. Lawson is entitled to the most favorable construction of the statute and is therefore entitled to relief on these facts.

MINTON, C.J., joins.